UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISHMEL ENNIS (#342100)                                         CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                          NO. 12-0654-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 29, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISHMEL ENNIS (#342100)                                          CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                           NO. 12-0654-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Steve Rader, Dpty Warden Janet Lorena and Classification Director Ivy Miller, complaining that defendant Miller has violated the plaintiff's constitutional rights, commencing in December, 2011, by refusing to restore the plaintiff to trustee status and by refusing to return the plaintiff to participation in a Transitional Work Program ("TWP") after a successful appeal of a work infraction charged against the plaintiff. The plaintiff asserts that, by being maintained at DCI and by being refused trustee status and participation in a TWP, he is effectively being punished although he has not been found guilty of any wrongdoing. The plaintiff further complains that defendants LeBlanc, Rader and Lorena are aware of the arbitrary misconduct of defendant Miller but have failed to correct the resulting injustice and have failed to respond appropriately to administrative complaints filed by the plaintiff relative to defendant Miller's wrongdoing.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought in forma pauperis by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989);

Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Id. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

      In his Complaint, the plaintiff alleges that on September 19, 2011, he was removed from a Transitional Work Program and transferred to DCI because of an accusation that he had committed a work infraction. Upon arrival at DCI, the plaintiff's "Class A" Trustee status was revoked and, after a hearing conducted on October 13, 2011, he was found guilty of a disciplinary violation associated with the referenced work infraction. As a result, he was informed by defendant Ivy Miller on October 27, 2011, that "due to conduct at previous TWP", the plaintiff's return to participation in a TWP was denied. Notwithstanding, the plaintiff appealed the disciplinary finding and, after a rehearing conducted on November 3, 2011, the finding of guilt was reversed, and the disciplinary charge was expunged from the plaintiff's prison record. The plaintiff then directed correspondence to DCI Warden Steve Rader, requesting a return of his trustee status and authorization to again participate in a TWP. Defendant Rader forwarded the plaintiff's request to defendant Ivy Miller for a response and, pursuant to correspondence dated December 2, 2011, defendant Miller denied the request, advising the plaintiff that "although your disciplinary report that caused you to be removed from a TWP was dismissed, it does not negate the fact

that you violated the rules ...." Upon receipt of the referenced correspondence, the plaintiff filed an administrative grievance relative to the alleged arbitrary wrongdoing of defendant Miller. The plaintiff complains, however, that the grievance was thereafter wrongly denied by defendants Janet Lorena and James LeBlanc. The plaintiff asserts that, because the disciplinary charge which caused him to be removed from the TWP and which caused him to lose his trustee status was dismissed, he should be reinstated to his former classification. He argues that, by failing to restore his prior classification, the defendants are treating him differently than other similarly situated inmates and are effectively punishing him even though he has not been found guilty of any wrongdoing.

The plaintiff's Complaint fails to state a claim of constitutional dimension. Initially, the Court finds that the plaintiff's prayer for compensatory damages fails as a matter of law. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. In the instant case, the plaintiff has not alleged that he sustained any physical injury as a result of the defendants' alleged wrongdoing. Accordingly, this aspect of the plaintiff's claim must be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, see Hutchins v. McDaniels, 512 F.3d 193 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

Turning to the plaintiff's claims asserted against defendants Secretary LeBlanc, Warden Rader, and Dpty Warden Lorena, the Court finds that the plaintiff has failed to allege sufficient connexity between the actions of these defendants and the alleged constitutional violations complained of. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of a constitutional right or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious

responsibility or respondeat superior is alone insufficient to state a claim under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009), citing Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  See also Bell v. Livingston, 356 Fed.Appx. 715 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of respondeat superior or vicarious liability").  In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  Lozano v. Smith, supra.

In the instant case, the plaintiff has failed to allege that defendants LeBlanc, Rader or Lorena were personally involved in any way in the alleged wrongdoing of defendant Ivy Miller.  All that the plaintiff has alleged relative to these defendants is (1) that Warden Rader responded to the plaintiff's request for reinstatement to a TWP by referring the request to defendant Miller and that Warden Rader is generally aware of the alleged arbitrary classification decisions of defendant Miller, (2) that Secretary LeBlanc and Warden Rader have supervisory authority relative to events occurring at DCI, have "duties effecting [sic] the care, custody and control" of offenders housed at DCI, and have authority to discipline or terminate personnel employed at that institution, and (3) that Dpty Warden Lorena and Secretary LeBlanc improperly rejected the plaintiff's administrative grievance.  It is clear that these allegations are principally assertions of mere supervisory authority on the part of these defendants and that, in the absence of any suggestion that these defendants were personally involved in the alleged wrongful conduct of defendant Miller, there is no basis for the imposition of liability against them.  Moreover, an inmate plaintiff is not constitutionally entitled to an investigation into his administrative complaints or to a fair or favorable result in response thereto, and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original).  Accordingly, the plaintiff's claim regarding the alleged conduct of the defendants in denying and/or failing to respond to his administrative grievance is without legal foundation and must also be dismissed.

The plaintiff next complains of Defendant Miller's failure to restore the plaintiff's trustee status and the alleged improper refusal to allow the plaintiff to return to participation in a TWP after the disciplinary violation charged against him was overturned.  This claim is not one of constitutional dimension.  The Fifth Circuit has held that inmates do not have a protected liberty interest in their custodial classification.  Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992); McGruder v. Phelps, 608 F.2d 1023 (5th Cir. 1979).  Moreover, inmates have no protected liberty interest in specific recreational, educational or rehabilitative opportunities, including work release programs, while confined.  See Braxton v. Gusman, 2011 WL 802622 (E.D. La., Feb. 7, 2011) and cases cited therein (dismissing as frivolous an inmate's claim that he lost his prison job and was transferred to another area of the prison for conduct of which he was not guilty).  Finally, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are appropriate to preserve internal order and discipline and to maintain institutional security.  Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).  So long as the conditions and degree of confinement to which an inmate is subjected are within the sentence imposed on the inmate and do not otherwise violate the constitution, the due process clause does not itself subject a prison official's treatment of an inmate to judicial oversight.  Id.  Where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process.  McCord v. Maggio, 910 F.2d 1248 (5th Cir. 1990).

In the instant case, after the plaintiff's disciplinary charge was overturned, the plaintiff's status

was evaluated by Classification Officer Miller, and defendant Miller made a discretionary determination that the plaintiff would not be authorized to return to participation in a TWP.  In this context, courts have found no constitutional violation when an inmate plaintiff is not returned to a prior custody classification after a successful appeal of a disciplinary conviction.  See Waller v. Miller, 2011 WL 5999048 (E.D. Tex., Nov. 30, 2011); Tracy v. Bragg, 2011 WL 6002626 (W.D. Tex., Nov. 30, 2011).  Contrary to the plaintiff's assertion, a loss of trustee status and removal from a work program do not constitute atypical punishment within the context of prison life which would entitle the plaintiff to additional protections under the Due Process Clause.  See Lewis v. Dretke, 54 Fed.Appx. 795 (5th Cir. 2001) (trustee status), citing Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Evans v. Mississippi Dept. of Corrections, 2008 WL 410647 (N.D. Miss, Feb. 12, 2008) (work eligibility).  Finally, although the plaintiff suggests that his right to equal protection has been violated by defendant Miller's conduct, allegedly because the plaintiff has been treated differently than other similarly situated inmates, he has failed to establish any entitlement to relief relative to such claim.  Specifically, he has failed to identify any inmates who have allegedly been treated differently, and he has failed to explain how those inmates faced situations sufficiently similar to his own.  The plaintiff, as a convicted felon, is not a member of any suspect class, see Carson v. Johnson, 112 F.3d 818 (5th Cir. 1997), and the Court need only apply a rational basis test to determine whether the defendant's conduct was reasonably related to a legitimate penological interest.  Id.  As stated by defendant Miller in determining that the plaintiff would not be allowed to participate again in a TWP, the reversal of the plaintiff's disciplinary charge did not negate the fact that the plaintiff had violated pertinent rules applicable to his TWP position.  This determination by defendant Miller provides a rational basis for concluding that the plaintiff was not an appropriate candidate for participation in a TWP.  Accordingly, this aspect of the plaintiff's claim is also subject to dismissal.

Finally, to the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this Court over his claims arising under state law, a district court may decline to exercise supplemental jurisdiction if

the state law claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having concluded that the plaintiff's federal claims should be dismissed, the Court recommends that supplemental jurisdiction over the plaintiff's state law claims be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on April 29, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

1. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."